*Ford, for appellant.*

*Rodman, for appellee.*

---

A. A. TERRELL *v.* CHAS. J. WATHEN.

**Bills and Notes—Payment in Treasury Notes—Legal Tender Act—Subsequent Judicial Decisions—Effect.**

When the legal tender notes were paid in satisfaction of appellee's judgment, the opinion of the Supreme Court of the United States in

the case of Hepburn v. Griswald was regarded as settling the right of creditors to demand the payment of debts, in coin, created before the passage of the legal tender act. Appellant voluntarily paid off the judgment against him in treasury notes at their negotiable value as compared with gold. The payment so made completely extinguished the relation of debtor and creditor between him and appellee. The Supreme Court afterwards overruled the case of Hepburn v. Griswald and held that treasury notes should be regarded as a legal tender for all debts, but this ruling cannot have the effect of reopening transactions fully and finally settled while the law was differently construed by the same court.

APPEAL FROM NELSON CIRCUIT COURT.

October 22, 1872.

OPINION BY JUDGE LINDSAY:

When the legal tender notes were paid in satisfaction of appellee's judgment, the opinion of the Supreme Court of the United States in the case of *Hepburn v. Griswald* was regarded as settling the right of creditors to demand the payment of debts created before the passage of the legal tender act, in coin.

Appellant was convinced of this fact, and voluntarily paid off the judgment against him in treasury notes at their negotiable value as compared with gold. The payment when so made completely extinguished the relation of debtor and creditor between him and appellee. Neither of them thought of claiming anything from the other. The Supreme Court, in the recent cases of *Knox v. Lee, Execr.,* and *Parker v. Davis,* overruled the case of *Hepburn v. Grsiwald,* and held that treasury notes should be regarded as a legal tender for all debts, but this ruling can not have the effect of reopening transactions fully and finally settled whilst the law was differently construed by the same court.

Such a rule would be productive of endless litigation and could possibly result in no good under its operations. The overruling of an opinion by the court of last resort would have the effect of unsettling every transaction based upon it, notwithstanding the existence of the utmost good faith upon the part of the contending parties.

Subsequent judicial decisions can not be allowed to set aside settlements under a construction of the law by the courts at the

time the settlement was made. (16th Howard, 432; 9th Wallace 55 and 485.)

Judgment affirmed.

McKay, for appellee.

Muir & Wickliffe, for appellee.